NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000153
28-JUN-2013
08:29 AM

NO. CAAP-13-0000153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KAHUKU VILLAGE ASSOCIATION, INC.,
Plaintiff/Counterclaim Defendant-Appellee,
v.
GUY EUGENIO,
Defendant/Counterclaim Plaintiff-Appellant

————

STELLA MULIVAI, GUY R. EUGENIO, et al,
Counterclaim Plaintiffs-Appellants,
v.
KAHUKU VILLAGE ASSOCIATION, INC., a Hawaiʻi non-profit
corporation, et al,
Counterclaim Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2985-11)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Defendant/Counterclaim
Plaintiff/Appellant Guy Eugenio (Appellant Eugenio) has asserted
from an "order" filed on February 8, 2013 that the Honorable
Edwin C. Nacino entered that dismissed Appellant Eugenio's
counterclaim with prejudice.  As explained below, the February 8,
2013 "order" is not eligible for appellate review in the absence
of a final judgment under Hawaii Revised Statutes (HRS) § 641-
1(a) (1993 & Supp. 2012) and Rule 58 of the Hawaiʻi Rules of
Civil Procedure (HRCP) under the holding in Jenkins v. Cades

Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." (Emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The February 8, 2013 "order" is not a judgment. On May 6, 2013, the circuit court clerk filed the record on appeal, which did not contain a final judgment. Absent an appealable final judgment, Appellant Eugenio's appeal is premature, and we

-2-

lack jurisdiction over appellate court case number CAAP-13-0000153. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000153 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-13-0000153 are dismissed as moot.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge